UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

ROBERT PAGE,

                              Plaintiff,

           -against-

CITY OF NEW YORK, Police Officer ORITZ,
Shield No. 6128, individually, and John/Jane Doe
Officers 1-5, individually,

                              Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of Plaintiff Robert Page's ("Mr. Page") rights under the Fourth and Fourteenth Amendments of the United States Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. This Court's jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1343.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c). The incident in question took place in this District in Kings County.

## JURY DEMAND

5. Mr. Page demands a trial by jury in this action pursuant to Federal Rule of Civil Procedure ("FRCP") 38.

## PARTIES

6. Mr. Page lives in Kings County.

7. Defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant City of New York maintains the New York City Police Department (hereinafter "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, the City of New York.

9. Defendant NYPD Police Officer ORTIZ, Shield No. 6128, Defendant John/Jane Doe Officers 1-5, at all times relevant herein, were duly sworn officers, employees and agents of the NYPD and were acting under the supervision of said department and according to their official duties. Ortiz and John/Jane Does 1-5 are sued in their individual capacities.

10. That at all times hereinafter mentioned Defendants, either personally or through their employees, were acting under color of state law and/or in compliance

with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the Defendants were done by said Defendants while acting within the scope of their employment by Defendant City of New York.

## STATEMENT OF FACTS

12. On or around April 8, 2014, Mr. Page walked out of a grocery store at or around the corner of Eastern Parkway and Pacific Street in Kings County, Brooklyn.

13. Almost immediately Jane Doe Defendant beckoned to Mr. Page and directed him to stand with a large group of people who were being addressed by Doe Defendants.

14. Mr. Page asked why he was being taken aside but did not received a response. He allowed himself to be grouped with the others.

15. Once Doe Defendants gathered the group of people, Doe Defendants arrested them all and transported them to the precinct.

16. As best Mr. Page can recollect, there was one female Doe Officer and roughly five male Doe Officers.

17. Mr. Page did not understand what occurred and Doe Defendants would not tell him or the others.

18. At some point at the precinct, Mr. Page learned that he was arrested for

possession of a controlled substance and that he had apparently walked into some sort of dragnet police operation. However, Doe Defendants did not have and never developed any suspicion or cause to believe that Mr. Page had committed any offense and Mr. Page did not commit any offense. In particular, Mr. Page did not possess any controlled substance.

19. Mr. Page was held for roughly seven hours before he was issued a Desk Appearance Ticket and released.

20. Defendant Ortiz falsely stated to the D.A.'s Office that Defendant Ortiz recovered "a quantity of crack cocaine from [Mr. Page's] hand" on the date of his arrest. This was not true.

21. On October 18, 2014, Mr. Page reported to court. As best Mr. Page can recollect, this was his first court appearance relating to the incident, although it may have been his second.

22. On that date, the state court judge asked the People whether the alleged narcotics that Defendant Ortiz claimed to have recovered from Mr. Page had been tested in the six months since Mr. Page's arrest. Upon learning that the answer was no, the state court judge dismissed the charges against Mr. Page.

23. Mr. Page suffered damages as a result of Defendants' actions, including but not limited to: deprivation of liberty, damage to his reputation, emotional trauma and more.

24. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising of its employees, and due to a custom, policy and/or practice of: arresting innocent persons in order to meet "productivity goals," or arrest quotas; arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or manufacturing false evidence against individuals in an individual effort and also in a conspiracy to justify their abuse of authority in falsely arresting, unlawfully stopping and maliciously prosecuting those individuals.

25. The aforesaid incident is not an isolated incident. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct as documented in civil rights actions filed in the United States District Courts in the Eastern and Southern Districts of New York as well as in New York State courts. As a result, Defendant City of New York is aware (from said lawsuits as well as notices of claims and complaints filed with the NYPD's IAB and the CCRB) that many NYPD officers, including the Defendants, arrest individual persons in order to meet productivity goals and arrest quotas; arrest individuals for professional advancement, overtime compensation and/or other objectives outside the ends of justice; and/or falsely arrest individuals and engage in a practice of falsification of evidence in an attempt to justify the false arrest.

26. Defendant City of New York is thus aware that its improper training and customs and policies have often resulted in a deprivation of individuals' constitutional rights. Despite such notice, Defendant City of New York has failed to take corrective action. This failure caused Individual Defendants in this case to violate Mr. Hunte's constitutional rights.

27. In addition, on information and belief, of the thirteen people who were arrested along with Mr. Page on April 8, 2014, a significant number of them were similarly situated in that Defendants did not have, nor did they at any time develop, suspicion or cause to believe that all of the arrestees had any involvement in a criminal offense. For example, Mr. Page is aware of at least two other individuals who were swept up in the mass arrest only to have the charges later dismissed, i.e., they suffered the same rights violations as he did. This, too, is evidence of the way in which the City's failure to train its agents results in repeated violations of individual's rights.

28. Moreover, on information and belief, Defendant City of New York was aware, prior to the incident, that the Individual Defendants lacked the objectivity, temperament, maturity, discretion and disposition to be employed as police officers. Despite such notice, Defendant City of New York has retained these officers, and failed to adequately train and supervise them.

29. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

30. All of the aforementioned acts deprived Mr. Page of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. § 1983.

31. The acts complained of were carried out by the aforementioned Individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, pursuant to the customs, usages, practices, procedures and the rules of the Defendant City of New York and the NYPD, all under the supervision of ranking officers of said department.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the United States Constitution.

33. As a result of the foregoing, Mr. Page is entitled to compensatory and punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## FIRST CLAIM
## 42 U.S.C. Section 1983

34. Mr. Page repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

35. Defendants, by their conduct toward Mr. Page alleged herein, violated Mr. Page's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

36. Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly, with malice and with the specific intent to deprive Mr. Page of his constitutional rights.

37. As a direct and proximate result of Defendants' unlawful conduct, Mr. Page sustained the damages hereinbefore alleged.

## SECOND CLAIM
## FALSE ARREST

38. Mr. Page repeats and realleges each of the allegations set forth in this complaint with the same force and effect as if fully set forth herein.

39. Defendants, by their conduct toward Mr. Page alleged herein, subjected Mr. Page to false arrest and thus violated Mr. Page's rights guaranteed by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the Constitution of the United States.

40. Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly, indifferently and/or recklessly and with the specific intent to deprive Mr. Page of his constitutional rights. Defendants did not have probable cause to believe that Mr. Page committed any crime yet confined him for a crime.

### THIRD CLAIM
### FAILURE TO INTERVENE

41. Mr. Page repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

42. Individual Defendants actively participated in the aforementioned unlawful conduct but also observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

43. Accordingly, Individual Defendants who failed to intervene violated the Fourth and Fourteenth Amendments of the United States Constitution.

44. Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly, with malice and with the specific intent to deprive Mr. Page of his constitutional rights.

45. As a direct and proximate result of Defendants' unlawful conduct, Mr. Page sustained the damages hereinbefore alleged.

## FOURTH CLAIM
## MONELL CLAIM

46. Mr. Page repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

47. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the United States Constitution.

48. The aforementioned customs, policies, usages, practices, procedures and rules of Defendant City of New York and the NYPD included, but were not limited to, the inadequate screening, hiring, retaining, training and supervising of its employees that was the moving force behind the violation of Mr. Page's rights as described herein. As a result of the failure of the Defendant City of New York to properly recruit, screen, train, discipline and supervise its officers, including the Individual Defendants, Defendant City of New York has tacitly authorized, ratified and has been deliberately indifferent to, the acts and conduct complained of herein.

49. The aforementioned customs, policies, usages, practices, procedures and rules of Defendant City of New York and the NYPD included, but were not limited to: arresting innocent persons in order to meet "productivity goals," or arrest quotas; arresting individuals for professional advancement, overtime compensation, and/or

other objectives outside the ends of justice; and/or manufacturing false evidence against individuals in an individual effort and also in a conspiracy to justify their abuse of authority in falsely arresting, unlawfully stopping and maliciously prosecuting those individuals.

50. The foregoing customs, policies, usages, practices, procedures and rules of the Defendant City of New York and the NYPD constituted deliberate indifference to Mr. Page's safety, well-being and constitutional rights.

51. The foregoing customs, polices, usages, practices, procedures and rules of Defendant City of New York and the NYPD were the direct and proximate cause of the constitutional violations suffered by Mr. Page as described herein.

**PRAYER FOR RELIEF WHEREFORE**, Mr. Page respectfully requests the following relief:

    A. An order entering judgment for Mr. Page against Defendants on each of their claims for relief;

    B. Awards to Mr. Page for compensatory damages against all Defendants, jointly and severally, for their violation of the Fourth and Fourteenth Amendment rights of Mr. Hunte, the amount to be determined at jury trial, which Mr. Page respectfully demands pursuant to FRCP 38;

C. Awards to Mr. Page of punitive damages against Defendants on the basis of their conscious wrongdoing and callous indifference to the constitutional rights and welfare of Mr. Page, the amount to be determined at jury trial, which Mr. Page respectfully demands pursuant to FRCP 38;

D. Awards to Mr. Page of the costs of this action, including reasonable attorneys' fees;

E. Such further relief as this Court deems just and proper.

DATED:   July 3, 2016
          New York, New York

                                            /s
                                      Ryan Lozar
                                      305 Broadway, 10th Floor
                                      New York, New York 10007
                                      (310) 867-1562
                                      ryanlozar@gmail.com

                                      *Attorney for Plaintiff*